IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J.S.M.P.,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-03163-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 220-727-798 |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner A.J.S.M.P.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241.

He notes that after he entered the United States in December 2021, he was detained by

immigration authorities and subsequently released on his own recognizance.  At that

time, the government assessed that he was neither a flight risk nor a danger to the

community.  The record reveals no reason to think otherwise today.  To this day,

Petitioner has no criminal history beyond a charge for driving without a license.  And to

this day, there is no final order of removal against him.

---

[1]    Petitioner moved for permission to proceed using a pseudonym when this case was filed.  Dkt. No. 3.  Respondents did not oppose the motion, and the court granted it after considering the factors laid out in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000).  Dkt. No. 9.

Over the course of the next four years, Petitioner was granted work authorization, obtained gainful employment, and became a member of his local community in Florida—including the Deaf community, of which Petitioner is a member.  But in March 2026, without any notice, process, or explanation of why his circumstances might have changed, Petitioner was arrested by immigration authorities. He has been in immigration detention ever since, held without access to the interpretive services he needs to communicate and without medical care for an infection he has developed in detention.  And just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.  So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one.  *See, e.g.*, *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744 (E.D. Cal.); *Ortega v. Noem*, No. 1:25-cv-01663 (E.D. Cal.); *De Leon Sales v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821 (E.D. Cal.).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

2

Respondents have not identified any factual or legal differences that would distinguish this case from those previous decisions.  In their response, Respondents simply argue that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A)" and for whom no liberty interest in freedom from physical confinement exists, despite the government's previous decision to release him on his own recognizance.  Dkt. No. 8, at pg. 2.  This is the same argument that the government has made in many similar cases, and which this court has found unpersuasive.  And given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has concluded were correctly decided, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED as to Counts One and Two, for the reasons stated in those prior orders.  Because it is unnecessary to resolve the remaining counts in the petition, the court declines to do so.  And because the court's ruling addresses only Counts One and Two, the court declines to adopt Respondents' suggestion that this case should be held in abeyance pending the Ninth Circuit's resolution of *Rodriguez v. Bostock*, No. 25-6842, since the outcome of that case will not resolve the constitutional issue that is dispositive here.

Respondents are ORDERED to immediately release Petitioner A.J.S.M.P. (A# 220-727-798) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-

3

deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  April 29, 2026, at Honolulu, Hawaiʻi.



Micah W.J. Smith
United States District Judge

Civil No. 1:26-03163-MWJS; *A.J.S.M.P. v. Markwayne Mullin,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS