IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J.S.M.P.,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-03163-MWJS<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES AND DENYING RESPONDENTS' MOTION TO HOLD PETITIONER'S EAJA MOTION IN ABEYANCE<br><br>A# 220-797-798 |

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES AND DENYING RESPONDENTS' MOTION TO HOLD PETITIONER'S EAJA MOTION IN ABEYANCE**

A.J.S.M.P. is a formal federal detainee proceeding by counsel. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 24, 2026. Dkt. No. 1. This court entered judgment in Petitioner's favor on April 29, 2026, and ordered his immediate release. *See A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *see also* Dkt. Nos. 11-12. Respondents timely complied with the court's order and released Petitioner on April 30, 2026. Dkt. No. 13.

Petitioner now moves for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Dkt. No. 14. Respondents opposed the motion and cross-moved to "hold Petitioner's EAJA motion in abeyance pending the outcome of the

Supreme Court decision in *Montoya Palacios v. Liggins*, 2026 WL 1154321 (4th Cir. Mar. 24, 2026), *cert. granted*, --- S. Ct. ----, 2026 WL 1855057 (U.S. June 29, 2026) (No. 25-1333), which will address the question of whether immigration habeas proceedings are a 'civil action' under [the] EAJA." Dkt. No. 16, at pg. 1. Petitioner replied to the opposition and opposed the cross-motion. Dkt. No. 17.

"The EAJA provides for an award of attorney's fees and costs to private litigants who prevail 'in any civil action (other than cases sounding in tort)' against the United States and timely file a petition for fees." *E.-M. v. Chestnut*, No. 1:25-cv-02054, 2026 WL 2640899 (E.D. Cal. Sept. 8, 2026) (citing 28 U.S.C. § 2412(d)(1)(A)). A court must award attorneys' fees to the prevailing party under the EAJA "unless it finds the government's position was 'substantially justified or that special circumstances make such an award unjust.'" *Id.*

There is no dispute that Petitioner is a prevailing party in this action and that he timely filed his motion for attorneys' fees. *See* Dkt. No. 14, at pgs. 2, 5; *see generally* Dkt. No. 16. The government nonetheless offers three reasons why the court should not grant Petitioner's motion: because (1) it should hold this case in abeyance pending the outcome of the Supreme Court's decision in *Montoya Palacios*, (2) habeas proceedings are not "civil actions" for EAJA purposes, and (3) the United States' position was "substantially justified." *See* Dkt. No. 16.

Many district judges, both in this district and others, have addressed the issues raised by Petitioner's motion and the government's cross-motion in cases much like this one. *See Guzman Ruiz v. Chestnut*, No. 1:26-cv-00509, 2026 WL 1983404 (E.D. Cal. July 9, 2026); *Veronica V.O. v. Noem*, No. 1:25-cv-1796, 2026 WL 2169089 (E.D. Cal. July 28, 2026); *E.A.P.C. v. Wofford*, No. 1:25-cv-01546, 2026 WL 1983910 (E.D. Cal. July 9, 2026); *see also Jaraba Oliveros v. Kaiser*, No. 25-cv-07117, 2026 WL 2323824 (N.D. Cal. Aug. 11, 2026); *Ortiz Landazuri v. Mullin*, No. 26-cv-01419, 2026 WL 2326095 (C.D. Cal. Aug. 11, 2026). In these cases, district judges have declined to hold EAJA attorneys' fees motions in abeyance pending the outcome of *Montoya Palacios*; held that habeas petitions are civil actions for EAJA purposes; and held that the government's position was not substantially justified. The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above. Dkt. No. 18. The court thanks Respondents for their timely response, Dkt. No. 19, and Petitioners for their timely reply, Dkt. No. 20. The court addresses the issues raised by the motion and responses to the order to show cause below.

Holding Petitioner's motion in abeyance, as Respondents request, would not be appropriate under the circumstances. Although a district court possesses "discretionary power to stay proceedings pending the outcome of a controlling legal issue in a different case before the Supreme Court," *V.O.*, 2026 WL 2169089, at *1 (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)), the court must decide whether to exercise its discretion by weighing "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (cleaned up). In the orders cited above, and in many other similar cases in this district, courts weighing these factors have declined to enter stays pending the outcome of the Supreme Court's decision in *Montoya Palacios*. *See V.O.*, 2026 WL 2568900, at *1-2; *Jaraba Oliveros*, 2026 WL 2323824, at *2-3; *Ortiz Landazuri*, 2026 WL 2326095, at *2; *see also J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2026 WL 2568705, at *2-3 (E.D. Cal. Aug. 31, 2026); *Marianela Leon E. v. Wofford*, No. 1:25-cv-01101, 2026 WL 2640896, at *1-2 (E.D. Cal. Sept. 8, 2026); *E.-M.*, 2026 WL 2640899, at *1-2.

Respondents point to the court's finding in *Jaraba Oliveros* that "considerations of judicial economy favor holding Petitioner's motion for attorneys' fees in abeyance." Dkt. No. 19, at pgs. 1-2. And they contend that "Petitioner will not suffer prejudice"

because he "has been released and, contrary to *Jaraba Oliveros*, . . . this case does not involve non-profit organizations that rel[y] on the availability of EAJA fees to sustain that work." *Id.* at pg. 2 (cleaned up). Accordingly, Respondents argue that "the relevant factors in this case" distinguish it from those cited in the court's order to show cause and "favor holding this matter in abeyance." *Id.*; *see also* Dkt. No. 16, at pg. 2.

The court is not persuaded. It is true that the court in *Jaraba Oliveros* concluded that "considerations of judicial economy weigh slightly in favor of a stay, because the decision [in *Montoya Palacios*] could inform the analysis in the pending motion." 2026 WL 2323824, at *3. But the court went on to conclude that because a "'district court's concern for . . . judicial efficiency, standing alone is not necessarily a sufficient ground to stay proceedings,'" it was not appropriate to stay the case and therefore "decline[d] to hold the motion for attorneys' fees in abeyance." *Id.* (quoting *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024)); *see also J.A.C.P.*, 2026 WL 2568705, at *2 (same analysis and conclusion); *E.-M.*, 2026 WL 2640899, at *2 (same). And although the *Jaraba Oliveros* court made a passing reference to counsel's non-profit affiliation, it did not rely on that fact to decide whether a stay would prejudice the petitioner in that case. *See* 2026 WL 2323824, at *2. Instead, the court concluded that the prejudice factor weighed in Petitioner's favor because "a stay of a year or more" awaiting the resolution of *Montoya Palacios* "could interfere with Petitioner's continued access to counsel." *Id.* And in any event, the court has reached the same conclusion in cases not involving non-

profit counsel. *See, e.g.*, *J.A.C.P.*, 2026 WL 2568705, at *2; *E.-M.*, 2026 WL 2640899, at *2. Additionally, in at least one of the cases cited in the court's order to show cause, the court found that holding the motion in abeyance would prejudice Petitioner because "[e]ntering a stay would prohibit compensation for Petitioner's counsel in a case in which she is entitled to fees" and would thereby risk creating "a chilling effect on representation for habeas petitioners at a time when this District is experiencing an unprecedented volume of meritorious habeas cases and many petitioners require aid of counsel." *V.O.*, 2026 WL 2568900, at *2. The court finds no reason to depart from the reasoning in these cases. Respondents' motion to hold Petitioner's fees motion in abeyance is therefore DENIED.

The court turns next to the merits of Petitioner's motion for attorneys' fees. In response to the court's order to show cause, Respondents do not distinctly argue that this court should depart from the reasoning of the cases cited in the court's order and hold that habeas proceedings are not "civil actions" for EAJA purposes; instead, they simply point out that they "have not waived the argument that an immigration habeas proceeding does not constitute a 'civil action'" as the government did in *E.A.P.C.*, 2026 WL 1983910. That is true, but it does not offer a reason for the court to distinguish this case from those that have held that immigration habeas proceedings do indeed constitute civil actions for EAJA purposes—especially given that "[t]he Ninth Circuit has applied the EAJA to immigration habeas proceedings." *Ortiz Landazuri*, 2026 WL

2326095, at *1 (citing *In re Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985)); *see also Guzman Ruiz*, 2026 WL 1983404, at *1-2 (concluding that "[i]n light of the Supreme Court's characterization in *Schlanger* [*v. Seamans*, 401 U.S. 487 (1971)] that habeas corpus proceedings are 'technically civil' actions, coupled with EAJA's applicability to 'any' civil action except . . . cases sounding in tort . . . the Court agrees that the better interpretation of the term 'any civil action' in the EAJA is that it unambiguously includes habeas proceedings challenging immigration detention").

That leaves only Respondents' argument that Petitioner's fees motion should be denied because the government's position was substantially justified. In their opposition to Petitioner's motion, Respondents argue that they "relied on a credible interpretation of 8 U.S.C. § 1225," which—despite being rejected by multiple courts of appeals, including the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026)—has been affirmed by the Fifth and Eighth Circuits. Dkt. No. 16, at pg. 5. And in response to the court's order to show cause, they argue that unlike in *Guzman Ruiz* and *Ortiz Landazuri*, where the court "determined that the government was not substantially justified on due process grounds," Respondents have here "identified a case from this very District concluding that re-arresting and detaining an alien under 8 U.S.C. § 1225 without first providing the alien with a pre-deprivation hearing does not violate procedural due process rights." Dkt. No. 19, at pg. 2 (citing *Sargsyan v. Bondi*, No. 1:26-cv-259, 2026 WL 114665 (E.D. Cal. Jan. 15, 2026)).

Even if the court were to accept Respondents' argument for distinguishing this motion from *Guzman Ruiz* and *Ortiz Landazuri*, it remains the case that numerous courts in this district have rejected the exact arguments for substantial justification that Respondents press in their opposition. *See Leon E.*, 2026 WL 2640896, at *3-4; *E.-M.*, 2026 WL 2640899, at *3-4; *Henry Ivan A.-G.*, No. 1:26-cv-03060, 2026 WL 2641806, at *3-5 (E.D. Cal. Sept. 8, 2026); *Torrez Valerio v. Noem*, No. 1:26-cv-2129, 2206 WL 2464888, at *2 (E.D. Cal. Aug. 25, 2026). The court finds the reasoning of these orders persuasive and adopts it here. Accordingly, the court finds that Respondents have failed to demonstrate that their position was substantially justified or that special circumstances would make a fee award unjust, and so Petitioner is entitled to an award of attorneys' fees under the EAJA so long as the fees are reasonable.

To determine whether attorneys' fees are "reasonable" under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id.*

Here, Respondents do not challenge the reasonableness of the amount of fees requested by counsel for Petitioner. According to a declaration submitted by

Petitioner's counsel, Attorneys Cara Jobson, Joye Wiley, and Ramey Barnett of Wiley & Jobson collectively spent approximately 35.4 hours on tasks associated with litigating the merits of the case and the associated fee motion. *See* Dkt. No 20-1 ("Statement of Fees and Costs"). Additionally, counsel for Petitioner seeks to recover the $5.00 filing fee. *Id.*

"The Ninth Circuit maintains a list of statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living." *A.-G.*, 2026 WL 2641806, at *5 (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). "This maximum rate—presently $258.46—controls unless the district court finds that a special factor warrants a higher rate, such as where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate." *Id.* (cleaned up). Here, Petitioner's counsel seeks only the statutory rate, which the court finds reasonable. *Accord id.*

Counsel also attaches a "Statement of Fees and Costs." Dkt. No. 20-1, at pgs. 2-3. It reflects that Attorney Jobson billed approximately 6.8 hours on intake, interviewing Petitioner, drafting a temporary restraining order, preparing a motion for pseudonym, reviewing the draft petition, and reviewing a draft of briefing on the fees motion; that Attorney Barnett billed approximately 26.6 hours on reviewing the case file, conducting legal research, and drafting portions of the petition and fees motion; and that Attorney Wiley billed approximately 2 hours on reviewing Respondents' motion to dismiss the

petition and drafting a response, for a grand total of 35.4 hours worked between the three attorneys. *See id.* Based on the undersigned's experience presiding over a significant number of immigration-related habeas corpus cases, coupled with the hours found reasonable by other courts in similar actions, the court finds that counsel's expenditure in this action of 35.4 hours is reasonable. *See A.-G.*, 2026 WL 2641806, at *6 (collecting cases); *Leon E.*, 2026 WL 2640896 (citing cases); *cf. S.F. v. Bostock*, No. 3:25-cv-01084, 2026 WL 1230044, at *4-6 (D. Or. May 5, 2026) (finding an expenditure of 50.55 hours by three attorneys on a petitioner's preparation, filing, and litigation of a petition, motion for temporary restraining order, motion to proceed by pseudonym, and EAJA fee motion to be reasonable).

In sum, the court finds as follows:

(1) Total attorney hours deemed reasonable: 35.4 * $258.46/hr = $9,149.48;

(2) Filing fee = $5.00;

(3) Total fees and costs deemed reasonable: $9,154.48.

In light of the foregoing, and having found the requested amount reasonable, the court GRANTS Petitioner's motion for attorneys' fees.

## **CONCLUSION**

For the foregoing reasons, the court DENIES Respondents' Motion to Hold Petitioner's EAJA Motion in Abeyance, Dkt. No. 16, and GRANTS Petitioner's Motion for Attorneys Fees and Costs Under the Equal Access to Justice Act, Dkt. No. 14.

Respondents are ORDERED to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $9,154.48. This award shall be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

IT IS SO ORDERED.

DATED: September 17, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge